IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MAHESWAR MIKKILINENI, | § | |
| | § | |
| Plaintiff Below, | § | No. 281, 2021 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| PAYPAL, INC., GODADDY.COM, | § | C.A. No. N19C-05-123 |
| LLC, SHIJIL TS, CEO, HARVARD | § | |
| COLLEGE OBSERVATORY & | § | |
| HARVARD UNIVERSITY, and | § | |
| UPWORK INC., | § | |
| | § | |
| | § | |
| Defendant Below, | § | |
| Appellees. | § | |

Submitted: September 8, 2021
Decided: September 29, 2021

Before **VAUGHN**, **TRAYNOR**, and **MONTGOMERY-REEVES**, Justices.

## ORDER

After careful consideration of the notice of interlocutory appeal and the exhibits thereto, it appears to the Court that:

(1) This interlocutory appeal arises from a lawsuit the plaintiff below-appellant, Maheswar Mikkilineni, filed against defendants below-appellees PayPal, Inc., GoDaddy.com, LLC, Upwork, Inc., and others in the Superior Court. On July 1, 2021, the Superior Court granted motions to dismiss filed by PayPal, GoDaddy, and Upwork (collectively, "the Dismissed Defendants"). On July 7, 2021, Mikkilineni filed a motion for enlargement of time to file a motion for

reconsideration. The Superior Court denied the motion because Superior Court Civil Rule 6(b) precludes enlargement of the five-day time period to file a motion for reargument under Superior Court Civil 59(e).

(2) On July 12, 2021, Mikkilineni filed a motion for reargument under Rule 59(e) and/or to alter or amend the judgment under Rule 59(d). On August 6, 2021, the Superior Court denied the motion. The Superior Court concluded that it lacked jurisdiction to rule on the untimely motion for reargument under Rule 59(e). The Superior Court also held that the motion was in substance a motion for reargument under Rule 59(e), not a motion to alter or amend the judgment under Rule 59(d). Even if the motion was considered as a motion to alter or amend the judgment under Rule 59(d), the Superior Court found that it failed to state a basis for relief. On August 9, 2021, the Superior Court issued an order clarifying that it had considered Mikkilineni's reply in support of his motion for reargument under Rule 59(e) and/or to alter or amend the judgment under Rule 59(d).

(3) On August 19, 2021, Mikkilineni filed an application for certification of an interlocutory appeal. The Dismissed Defendants opposed the application. On September 8, 2021, the Superior Court denied Mikkilineni's application for certification. The Superior Court concluded that denial of the motion for reargument did not decide a substantial matter of material importance. The Superior Court also

2

found that none of the Rule 42(b)(iii) criteria were satisfied. This interlocutory appeal followed.

(4) Applications for interlocutory review are addressed to the sound discretion of the Court.[1] In the exercise of our discretion and giving due weight to the Superior Court's denial of the application for certification, this Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Supreme Court Rule 42(b). Exceptional circumstances that would merit interlocutory review of the Superior Court's interlocutory opinion do not exist in this case,[2] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[3]

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[1] Supr. Ct. R. 42(d)(v).
[2] Supr. Ct. R. 42(b)(ii).
[3] Supr. Ct. R. 42(b)(iii).